UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

DANIEL STINSON,

             Plaintiff(s),

    v.

UNIMACTS GLOBAL LLC,

             Defendant(s).

CASE NO. C25-0431-KKE

ORDER ON JURY TRIAL DEMAND
DISPUTE

The Court has received the parties' joint status report. Dkt. No. 11. Therein, Defendant Unimacts Global, LLC ("Unimacts") raises a dispute as to whether Plaintiff Daniel Stinson has filed a demand for a jury trial. *See id.* at 3. Unimacts cites no rule or authority in support of its contention. Stinson counters that he clearly made a jury trial demand in his complaint, and that the Court has already indicated a proper jury trial demand has been made. *Id.* (citing Dkt. No. 4). Upon reviewing the parties' joint status report and the remaining record, the Court finds Stinson has made a jury demand for the reasons below.

"If a party fails to make a timely jury demand after a case is removed from state court," he may nevertheless "avoid waiving [his] right to a jury trial" if he "filed a pleading in state court that contained a jury demand that would satisfy [Federal Rule of Civil Procedure] 38(b)." *Parris v. Jacobs Eng'g Grp., Inc.*, C19-0128-JCC, 2019 WL 4274515, at *2 (W.D. Wash. Sep. 10, 2019). "[W]here a pre-removal jury demand would satisfy federal … requirements, that demand is

ORDER ON JURY TRIAL DEMAND DISPUTE - 1

incorporated into the federal record upon removal, and is deemed to satisfy Rule 38(b)." *Mondor v. U.S. Dist. Ct.*, 910 F.2d 585, 587 (9th Cir. 1990).  Rule 38(b), in turn, provides that a party demands a jury trial by "serving the other parties with a written demand—which may be included in a pleading—no later than 14 days after the last pleading directed to the issue is served" and "filing the demand in accordance with Rule 5(d)."  Fed. R. Civ. P. 38(b).  "Repleading [after removal] is not necessary unless the court so orders."  *Parris*, 2019 WL 4274515, at *2 (quoting Fed. R. Civ. P. 81(c)).

Despite raising this dispute in the joint status report, Unimacts seems to acknowledge Stinson's jury trial demand elsewhere, including in its notice of removal and answer.  *See* Dkt. No. 1 at 2 (notice of removal stating that a "true and correct copy of the Plaintiff's Complaint for Damages and Jury Demand" are attached); Dkt. No. 1-1 at 1 (Unimacts marking "Yes" next to "JURY DEMAND" on civil cover sheet); Dkt. No. 10 (answer acknowledging that "Paragraph 5.1 is Plaintiff's jury demand").  Moreover, the record shows that Stinson made a jury demand in the complaint that he filed in state court and served on Unimacts.  *See* Dkt. No. 1 at 2 (Unimacts acknowledging service); Dkt. No. 1-2 at 7 (Stinson requesting "a trial by jury on all issues raised in this action.").  Thus, Stinson's jury demand satisfies federal requirements and is incorporated into the record in this case.  *See Mondor*, 910 F.2d at 587.  A case schedule based upon the parties' joint status report and the Court's standard schedule will issue shortly.

Dated this 26th day of March, 2026.

Kymberly K. Evanson
United States District Judge

ORDER ON JURY TRIAL DEMAND DISPUTE - 2